**Nirmal SINGH, Petitioner,**

v.

**John ASHCROFT, Attorney
General, Respondent.**

No. 03–74237.
Agency No. A95–398–349.

United States Court of Appeals,
Ninth Circuit.

Submitted Jan. 10, 2005.*

Decided Jan. 13, 2005.

George T. Heridis, Esq., Rai & Associates, PC, San Francisco, CA, for Petitioner.

Regional Counsel, Laguna Niguel, CA, Jeffrey J. Bernstein, Esq., Paul Fiorino, Esq., U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before BEEZER, HALL and SILVERMAN, Circuit Judges.

MEMORANDUM **

Nirmal Singh, a native and citizen of India, petitions for review of the Board of Immigration Appeals' ("BIA") decision affirming an Immigration Judge's decision denying his application for asylum and withholding of removal. We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence an adverse credibility determination, *see Malhi v. INS,* 336 F.3d 989, 992 (9th Cir.2003), and we deny the petition.

Substantial evidence supports the BIA's adverse credibility determination because Singh failed to sufficiently explain the discrepancies between his asylum application and merits hearing testimony regarding the events of a 1997 arrest, which go the heart of his asylum claim—persecution based on suspected Sikh militancy. *See Pal v. INS,* 204 F.3d 935, 938–40 (9th Cir.2000) (concluding that inconsistencies between application and testimony involved heart of asylum claim, and supported adverse credibility finding). Because we hold that substantial evidence supports the BIA's denial of asylum on the basis of its adverse credibility finding, we do not reach the issue of whether the record supports the BIA's alternate finding. *See id.* at 939.

Because Singh failed to demonstrate that he was eligible for asylum, it follows that he did not satisfy the more stringent standard for withholding of removal. *See Farah v. Ashcroft,* 348 F.3d 1153, 1156 (9th Cir.2003). In addition, we do not have jurisdiction over Singh's claim for relief under the Convention Against Torture because he did not raise the issue on appeal to the BIA. *See Rashtabadi v. INS,* 23 F.3d 1562, 1567 (9th Cir.1994).

**PETITION FOR REVIEW DENIED.**

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.